**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 24-1768

———————

LAWRENCE DIGIESI,

Appellant

v.

TOWNSHIP OF BRIDGEWATER POLICE DEPARTMENT;
ALFRED NICARETTA; KENNETH J. DOLIDA; TOM RICE;
JOE BONES; THOMAS KOCHANSKI; A MELE; PETER OCHS;
MICHAEL MAXWELL; STEVE ZEICHNER; JOHN MITZAK;
SHAWN O'NEILL; OFFICER PAUL PAYNE; MICHAEL PACKWOOD; JOHN DOES
(1-10); JANE DOES (1-10)

———————

Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3:19-cv-14557)
District Judge: Honorable Georgette Castner

———————

Submitted under Third Circuit L.A.R. 34.1(a)
March 28, 2025

Before: BIBAS, PHIPPS, and AMBRO, Circuit Judges

(Opinion filed: April 28, 2025)

OPINION<sup>*</sup>

AMBRO, <u>Circuit Judge</u>

After a bench trial, a New Jersey judge found Lawrence DiGiesi not guilty of aggravated assault. DiGiesi then sued the Township of Bridgewater, its police department, and several individual officers and prosecutors (collectively the "Town") in federal court under 42 U.S.C. § 1983 and state law. Before us is whether the statute of limitations for his malicious-prosecution claim under § 1983 started running when the judge orally acquitted him or later when the Court entered a written judgment. We hold that it was the latter, so we vacate the District Court's ruling to the contrary and remand for further proceedings.

**I.**

In August 2016, DiGiesi worked as a security guard at the Green Knoll Grille in Bridgewater, New Jersey. While on duty, he had an altercation with the son of a retired Bridgewater Township police chief. DiGiesi was charged in the Superior Court of New Jersey with aggravated assault. After a bench trial, the judge orally delivered a not-guilty verdict on June 6, 2017, in open court and with DiGiesi present. On July 31, 2017, the Court entered a judgment of acquittal.

---

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

DiGiesi then sued the Town in the United States District Court for the District of New Jersey. He alleged, among other things, false arrest and imprisonment and malicious prosecution under 42 U.S.C. § 1983. "That statute—derived from § 1 of the Civil Rights Act of 1871—provides litigants an avenue to obtain money damages where state and local officials violate their federal constitutional or statutory rights." *Coello v. DiLeo*, 43 F.4th 346, 351 (3d Cir. 2022). It "creates a species of tort liability." *Heck v. Humphrey*, 512 U.S. 477, 483 (1994) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305 (1986)). We use the closest tort analogue in state law to determine the statute of limitations for § 1983 claims. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Kach v. Hose*, 589 F.3d 626, 634, 639 (3d Cir. 2009). Because the § 1983 claims arose in New Jersey, the statute of limitations is two years. *See* N.J. Stat. Ann. § 2A:14-2; *see also Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 859–60 (3d Cir. 2014).

The District Court ruled that the false-imprisonment and arrest claims were time-barred. The statute of limitations for those torts "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397; *see also id.* at 388 ("False arrest and false imprisonment overlap; the former is a species of the latter."). The alleged false arrest and imprisonment happened on March 13, 2016; thus the complaint filed on July 1, 2019, was well past the two-year mark. The parties do not appear to dispute on appeal that these claims were time-barred.

For the malicious-prosecution claim, the Town argued before the District Court that the two-year statute of limitations began to run when the state-court judge gave an

oral verdict. Using that timeline, the statute of limitations expired on June 6, 2019, 25 days before DiGiesi filed suit. The District Court agreed. It dismissed all the federal counts as time-barred and declined to exercise jurisdiction over the state counts.

DiGiesi appeals, contending that the malicious-prosecution claim was timely because it accrued when the Court entered the not-guilty judgment on July 31, 2017.

## II.[1]

We review this accrual question de novo. *See Coello*, 43 F.4th at 351. We decide the accrual date based on federal law. *See Wallace*, 549 U.S. at 388 ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." (emphasis in original)). Federal law says the claim accrues when the prosecution comes to "a favorable termination." *Thompson v. Clark*, 596 U.S. 36, 44 (2022). That occurs when the prosecution is "terminated, disposed of, or, as the books usually say, *at an end*." *Id.* at 45 (quoting *Clark v. Cleveland*, 6 Hill 344, 346 (1844)) (emphasis in original). In other words, favorable termination is the moment when the outcome of the prosecution can no longer be changed by the trial court. That timing necessarily turns on state-court practices. *See Smith v. Massachusetts*, 543 U.S. 462, 470–71 (2005) (looking to state-court practices to determine the finality of a court-directed judgment of acquittal). If we ignore those practices, we run the risk of treating an outcome as final when it could still be changed.[2]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to review its decision under 28 U.S.C. § 1291.

[2] Imagine, for instance, a state court that allows judges, following a bench trial, to change oral verdicts until a written judgment is entered. If we overlooked that state

4

In New Jersey state courts, the outcome of the prosecution can no longer be changed when an order is issued. *See Coello*, 43 F.4th at 356 (citing *Bessasparis v. Twp. of Bridgewater*, No. A-1040-19, 2021 WL 1811637, at \*7 (N.J. Super. Ct. App. Div. May 6, 2021) (per curiam) (discussing "causes of action [for malicious prosecution] accru[ing] on . . . the day [a] court issued orders of dismissal")). Here, the New Jersey Superior Court issued its order when it entered the judgment of acquittal on July 31, 2017. So DiGiesi's malicious-prosecution claim accrued, and the relevant statute of limitations began running, on that date, not when the judge delivered her oral not-guilty verdict on June 6.[3]

The Supreme Court has made clear that occurrence, not discovery, is the presumptive standard for statute-of-limitations questions under § 1983. *See McDonough v. Smith*, 588 U.S. 109, 115 (2019) (time at which a § 1983 claim accrues "is presumptively 'when the plaintiff has "a complete and present cause of action"'" (quoting *Wallace*, 549 U.S. at 388)); *Reed v. Goertz*, 598 U.S. 230, 235–36 (2023) (same). But the District Court considered only when DiGiesi "knew, or should have known, of the favorable termination of the case." App. 11. That was not correct.

\*    \*    \*    \*

---

rule and treated the oral verdict as a favorable termination, we would ignore that the case's outcome could still be altered.

[3] DiGiesi also contends that equitable tolling applied, that the Town waived any statute-of-limitations defense, and that he was entitled to an opportunity to amend his complaint before it was dismissed with prejudice. Because we hold that the claim on appeal was not time-barred, we need not reach these contentions.

We thus vacate the District Court's ruling because DiGiesi's malicious-prosecution claim under § 1983 was not time-barred, and we remand that claim for further proceedings.